WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ResponseLogix, Inc., d/b/a Digital Air Strike Co.,<br><br>             Plaintiff,<br><br>     vs.<br><br>Glenn Jimerson, et al.,<br><br>             Defendants. | No. CV-13-02427-PHX-PGR<br><br>ORDER |

Pending before the Court is Plaintiff's Motion for Order Authorizing Disclosure of Subscriber Information, filed March 12, 2014, to which no party has filed any objection. Having reviewed the motion, the Court finds that the motion is appropriately granted pursuant to 47 U.S.C. § 551(c)(2)(B). Therefore,

IT IS ORDERED that Plaintiff's Motion for Order Authorizing Disclosure of Subscriber Information (Doc. 29) is granted as follows:

1. The plaintiff may serve subpoenas pursuant to Fed.R.Civ.P. 45 upon the following cable operators to obtain the name and address of the subscriber(s) associated with certain IP addresses: Aircell, LLC; CenturyLink, Inc.; Cox Communications, Inc.; Comcast Cable Communications, LLC; Google, Inc.; Secured Servers, LLC; and any other cable operator as that term is defined by 47 U.S.C. §

522(5) that is identified in response to a subpoena as a provider of internet services to any named or fictitious defendant in this action (collectively the "cable operator.") The plaintiff shall include a copy of this Order with any subpoena served on the cable operator. Any subpoena authorized by this Order shall be deemed to be an appropriate Court order for purposes of 47 U.S.C. § 551.

2. The cable operator shall have twenty-one (21) calendar days after service of the subpoena on it to notify its subscriber associated with the IP address in the subpoena that the plaintiff is seeking the subscriber's identity. The cable operator may provide the required notice, which shall include a copy of the subpoena and a copy of this Order, using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first class mail or via overnight service. The cable operator's good faith attempt to notify the subscriber shall constitute compliance with this Order.

3. Each subscriber whose identity is being sought shall have thirty (30) calendar days from the date of the notice by the cable operator upon it to file any motions in this Court contesting the subpoena (including a motion to quash or to modify the subpoena.) A copy of any such motion shall be served on the plaintiff by the subscriber and the plaintiff shall promptly provide a copy of the motion to the cable operator.

4. If the subscriber fails to file a challenge to the subpoena within the thirty-day period, the cable operator shall provide the subpoenaed information to the plaintiff within fourteen (14) calendar days thereafter.

5. If the subscriber files a motion challenging the subpoena in any way, the cable operator shall not turn over any of the subpoenaed information about the subscriber to the plaintiff until such time as the Court has resolved the subscriber's

challenge.

6. The cable operator shall preserve all subpoenaed information until such time as the information has been delivered to the plaintiff or until the subpoena has been quashed.

7. Any information disclosed to the plaintiff in response to a subpoena issued pursuant to this Order shall be used by the plaintiff solely for the purpose of protecting the plaintiff's rights under contract and trademark as enumerated in the complaint in this action or in any subsequent amended complaints filed in this action.

8. The plaintiff shall pay the cable operator all of its reasonable costs and fees incurred in responding to the subpoena, including those incurred in compiling the requested information and in providing pre-disclosure notice to its subscriber.

DATED this 15th day of April, 2014.

Paul G. Rosenblatt
United States District Judge